# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20135
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2014

Lyle W. Cayce
Clerk

SAMMY WOODS,

Plaintiff-Appellant

v.

DOCTOR JAMES SMITH, A Goree University of Texas Medical Branch Medical Doctor; MRS. HUFFY, A Goree University of Texas Medical Branch Nurse; DICKIE RYCHETSKY; CHRISTINA HUFF,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2485

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Sammy Woods, Texas prisoner # 903162, appeals the dismissal of his 42 U.S.C. § 1983 action against prison medical and dental care providers. The district court granted summary judgment for the defendants on grounds that some claims were unexhausted and others were meritless.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20135

By failing to address the dismissal of any claims for lack of exhaustion, Woods has waived any appeal of these claims. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are abandoned). Likewise, Woods merely restates his exhausted claim against Dr. Smith in a short and conclusory manner. "[H]is abrupt assertion does not remotely suggest grounds for reversal." *Brinkmann v. Dallas Cty. Dep. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In any event, when we apply the same standard used by the district court in granting summary judgment, we conclude that, based on the unrebutted summary judgment evidence, including Woods's medical records, the defendants were entitled to judgment as a matter of law because they did not act with deliberate indifference to a serious medical need. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650, 660 (5th Cir.), *cert. denied*, 133 S. Ct. 136 (2012); FED. R. CIV. P. 56(a). The judgment is AFFIRMED.

Finally, Woods asks that we unseal his medical records. His motion to unseal the records is DENIED because it is based only on a mistaken belief that the district court could not and did not consider his sealed records.